# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>   Defendant. | Civil Action No.: 6:20-cv-670-ADA<br><br>**JURY TRIAL DEMANDED** |

## JUNIPER'S OPPOSED MOTION TO STAY PROCEEDINGS
## PENDING RESOLUTION OF ITS MOTION TO TRANSFER

**I. INTRODUCTION**

Juniper's motion to transfer to the Northern District of California has been pending for four months. And it won't be resolved for at least three more, as briefing doesn't conclude until May 11, 2021.[1] During that time, the parties will be required to devote significant resources to substantive matters, including proposing constructions, disclosing extrinsic evidence, and preparing claim construction briefing that concludes on May 14, 2021, just three days after the transfer briefing. Under the Federal Circuit's decision last week in *SK hynix* then, a stay is warranted. Indeed, that decision established that courts may not require parties to submit substantive claim construction briefing and prepare for a *Markman* hearing when such a timely-filed motion to transfer remains pending months after filing.[2]

A stay is also appropriate under the traditional discretionary stay factors as well, as it would conserve Court and party resources, and wouldn't prejudice Correct Transmission. To be

---

[1] *See* ECF No. 36 at 3.

[2] *In re SK hynix Inc.*, No. 2021-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021).

sure, Juniper had agreed to a schedule that concluded venue discovery in mid-December 2020 and briefing on Juniper's motion in early January 2021. But after the Court entered this schedule, Correct Transmission successfully asked to expand venue discovery and postpone its close, resulting in a four month delay in the conclusion of the transfer briefing.

Thus, Juniper respectfully requests that this Court stay all non-venue proceedings and discovery until after ruling on Juniper's transfer motion. And, given the fast approach of substantive deadlines, Juniper respectfully requests an expedited hearing on this motion as detailed in Juniper's co-filed Motion to Expedite.

## II. BACKGROUND

On October 13, 2020, Juniper filed its motion to transfer this action to the Northern District of California under 28 U.S.C. § 1404(a).[3] As Juniper explained in that motion, the Northern District is where two of the inventors and nearly all Juniper witnesses are located, as well as where Juniper maintains its relevant documents and source code.[4] By contrast, no party or non-party witnesses or evidence are located in Texas.[5] Thus, four § 1404(a) factors favor transfer, while the other factors are neutral.[6]

As Correct Transmission informed the Court at the initial October 16, 2020 Case Management Conference, Juniper agreed to provide venue discovery.[7] And although the parties

---

[3] ECF No. 20. This was more than two weeks before the deadline to file such motions, per the Court's Order Governing Proceedings. *See* ECF No. 17 at 2.

[4] *See* ECF No. 20 at 1–2, 4, 6–9.

[5] *See id*. at 1, 3–4, 8–9 (noting that the patents-in-suit were developed in Israel, and that Correct Transmission is a Delaware entity with no apparent offices, operations, or employees in Texas).

[6] *See id*. at 1, 13.

[7] ECF No. 26 at 8:16–18.

disagreed over the appropriate number of interrogatories and deposition time,[8] Correct Transmission further informed the Court that the parties had agreed on 45 days for venue discovery.[9] The parties then proposed a schedule that reflected the agreed-upon timeline, with venue discovery closing on December 14, 2020, and the transfer motion response due on December 28, 2020.[10] The Court adopted this schedule on November 20, 2020.[11]

But a dispute soon arose between the parties over this Court's November 19, 2020 Standing Order, which states that it "lifts all limits on discovery related to venue and jurisdiction in patent cases," and orders "that venue or jurisdictional discovery be completed no later than six months after the filing of the initial motion."[12] On November 30, 2020, Correct Transmission requested to extend the scope and duration of venue discovery based on the Court's November 19 Standing Order.[13] And Juniper opposed this request, noting that the Court "entered the schedule in our case the day after it issued the standing order, with no adjustment to the deadline."[14]

On December 3, 2020, via a joint email, the parties submitted this dispute to the Court.

---

[8] Correct Transmission asked for 10 interrogatories and 20 hours of 30(b)(6) deposition time. *See id*. at 8:16–23. After hearing both parties' arguments, the Court permitted Correct Transmission five interrogatories and seven hours. *Id.* at 10:8–11:19; ECF No. 22 (Minute Entry stating "the Court is allowing 1 day (7 hours) of virtual deposition regarding transfer"). The Court based its ruling on Juniper's reliance on a single declarant in its motion. *See* ECF No. 26 at 9:8–17.

[9] *Id*. at 11:22–25.

[10] ECF No. 33; *see also* ECF Nos. 27 and 31 (Joint Motions, stating that "[t]he parties were able to agree to all scheduling matters with the exception of those regarding the reduction in the number of Plaintiff's asserted claims and certain post-*Markman* deadlines").

[11] ECF No. 33; *see also* ECF No. 23 (Order setting *Markman* hearing for May 28, 2021).

[12] Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, dated Nov. 19, 2020, available at https://www.txwd.uscourts.gov/judges-information/standing-orders/ (further directing parties to contact the Court to the extent there's a dispute over proportionality).

[13] Ex. A (Nov. 30–Dec. 1, 2020 emails between counsel for Juniper and Correct Transmission).

[14] *Id*.

Correct Transmission argued that the deadline it had previously agreed to was "only two months, not six months, after Juniper filed its venue motion," and requested "a ruling to confirm that the venue discovery deadline is extended in accordance with the Standing Order."[15] Juniper, on the other hand, explained that venue discovery was "now nearly complete," and asked the Court to maintain the limits it had previously decided were proportional to the needs of the case.[16] The Court's Law Clerk responded that day, informing the parties that venue discovery was "extended in accordance with the Standing Order," and directing the parties to "submit a new scheduling order reflecting the extended discovery deadline."[17]

Consistent with the Court's emailed ruling, the parties then proposed a new schedule.[18] Under this schedule, which the Court adopted, venue discovery closes on April 13, 2021, and the parties will complete the transfer briefing on May 11, 2021.[19] The parties will also complete claim construction briefing three days later, on May 14, 2021, with the *Markman* hearing scheduled for May 28, 2021.[20]

### III. ARGUMENT

#### A. *SK hynix* Requires a Stay of All Non-Venue Proceedings and Discovery.

The Fifth and Federal Circuits have long held that courts must resolve motions to transfer venue before addressing the merits of the case.[21] A month after Juniper filed its transfer motion,

---

[15] Ex. B (Dec. 3, 2020 emails between counsel and E. Pearson for the Court) (emphasis omitted).
[16] *Id.*
[17] *Id.*
[18] ECF No. 35 at 1.
[19] ECF No. 36 at 3.
[20] *Id.*; *see also* ECF No. 23.
[21] *See, e.g.*, *In re Nintendo Co., Ltd.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013) (A "court must first address whether it is a proper and convenient venue before addressing any substantive portion of

the Federal Circuit reiterated this principle in *In re Apple Inc.*, explaining that "[a]lthough district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."[22] And on February 1, 2021, *SK hynix* further clarified that courts shouldn't require parties to substantively prepare for a *Markman* hearing if a motion to transfer, filed months earlier, remains pending.[23]

More specifically, in *SK hynix*, this Court informed the parties that it would resolve the motion to transfer before the *Markman* hearing in two consolidated matters.[24] And on December 15, 2020, shortly before SK hynix was scheduled to begin exchanging *Markman* materials with the plaintiff in the later-filed matter, SK hynix requested a stay pending the Court's resolution of the transfer issue.[25] As SK hynix explained, it sought this relief "to avoid unnecessary additional claim construction briefing and *Markman* hearing preparation."[26] And "given the lengthy delay and [that] upcoming *Markman* hearing," the Federal Circuit agreed, finding it impermissible for the Court "to proceed with all deadlines while [resolving] the jurisdictional issues in parallel."[27]

The circumstances here likewise warrant a stay. Juniper and Correct Transmission are scheduled to exchange proposed constructions on February 19, 2021, disclose extrinsic evidence

---

the case."); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (finding that disposition of timely motion to transfer "should have taken a top priority in the handling of [the] case").

[22] 979 F.3d 1332, 1337 (Fed. Cir. Nov. 9, 2020).

[23] *See In re SK hynix*, 2021 WL 321071 at *2.

[24] *E.g.*, W.D. Tex. Case 6:20-cv-525, ECF No. 23 (Minute Entry).

[25] W.D. Tex. Case 6:20-cv-194, ECF No. 76 at 2 ("Exchange of *Markman* materials in the '525 Case—including the exchange of claim term constructions and briefs—will begin on January 8, 2021."); *id*. at 6 ("Absent a stay, SK hynix must prepare claim construction briefing in the '525 Cas [and] prepare for a combined *Markman* hearing for both cases.").

[26] Fed. Cir. Case 21-113, ECF No. 2-2 at Appx0570–71 (Jan. 5, 2021 email chain).

[27] *In re SK hynix*, 2021 WL 321071, at *1–2 (quoting Appx0570, *supra*).

on March 5, 2021, and prepare claim construction briefing that concludes on May 14, 2021—three days after the completion of the transfer briefing.[28] A stay thus would conserve party resources, even if the Court were to resolve the transfer motion immediately after the parties finish briefing it on May 11, 2021, but before the *Markman* hearing on May 28, 2021. At that point, similar to *SK hynix*, the transfer motion will have been pending for months while the parties engaged in the claim construction process.[29] And consistent with the Federal Circuit's decision, this Court should stay all non-venue proceedings and discovery until it has ruled on Juniper's transfer motion.[30]

      **B.**      **The Relevant Factors Also Warrant a Discretionary Stay.**

Absent a stay based on *SK hynix*, the same relief is warranted under a traditional stay analysis. As this Court explained in *Neodron Ltd. v. Dell Technologies Inc.*, the factors that this Court considers on a motion to stay are: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources."[31] Here, all three factors favor a stay.

---

[28] ECF No. 36 at 2–3.

[29] The timing in *SK hynix* is similar, although complicated. SK hynix filed its transfer motion in the first case between the parties, W.D. Tex. Case 6:20-cv-194, in May 2020. The plaintiff then commenced the second case, W.D. Tex. Case 6:20-cv-525, a month later. And in October 2020, the parties agreed the motion should be binding on both cases. W.D. Tex. Case 6:20-cv-525, ECF No. 24. Thus, when Court decided the motion on February 2, 2021, this was 9 months after the motion was filed, but only three and a half months after the parties agreed it applied to the case where claim construction briefing was upcoming (i.e., the basis for the stay request).

[30] *Apple* further supports this conclusion, as there the Court also resolved the transfer issue before the *Markman* hearing. But the Federal Circuit nonetheless described this as "barrel[ling] ahead on the merits in significant respects," where Apple moved to transfer in November 2019 and requested a stay in January 2020; the *Markman* briefing took place in February and March 2020; and the Court orally denied the transfer motion in May 2020, shortly before the *Markman* hearing. *In re Apple*, 979 F.3d at 1336, 1338, 1343.

[31] No. 1:19-cv-819, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (Albright, J.).

**Prejudice to Plaintiff:** Correct Transmission won't be prejudiced if this Court stays all substantive deadlines pending its resolution of Juniper's motion to transfer. This case remains in its early stages. And any potential delay in the vindication of Correct Transmission's purported patent rights doesn't provide a basis to deny a stay. Courts have repeatedly found that such a possibility of delay is "present in every case in which a patentee resists a stay," and "not sufficient, standing alone, to defeat a stay motion."[32] And indeed, the extent of any delay is Correct Transmission's own doing. Before the initial Case Management Conference, the parties had agreed to complete venue discovery by December 14, 2020. As detailed above, the parties included that deadline in the schedule that the Court adopted after the conference. Correct Transmission then argued to extend the deadline an additional four months, such that transfer briefing would conclude at the same time as claim construction briefing. If Correct Transmission hadn't argued for extended venue discovery, the parties would've adhered to the initial transfer briefing schedule, which would've concluded on January 11, 2021—more than a month ago.[33] Hence, this factor favors a stay.

**Hardship and Inequity to Juniper:** Juniper will suffer unnecessary hardship if forced to litigate the merits of this case while its transfer motion is pending. As the Federal Circuit explained in *In re Google Inc.*, courts give motions to transfer venue top priority "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense … when defendants are forced to expend resources

---

[32] *E.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *accord E-Watch, Inc. v. Lorex Canada, Inc.*, No. 12-cv-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("[T]he mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay.").

[33] ECF No. 33.

litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket."[34] Here, absent a stay, Juniper will be required to spend time and money litigating the merits of the case in this venue, as the current case schedule includes numerous substantive deadlines in the months leading up to the May 28 *Markman* hearing, including multiple substantive deadlines in the next few weeks.[35] In addition, the parties will complete their claim construction briefing three days after they complete the briefing for the transfer motion. And if the case is transferred to the Northern District of California, the parties likely will need to repeat that briefing.[36] Thus, the second factor also favors a stay.

**Judicial Resources:** As the Third Circuit has explained, "[j]udicial economy requires that … the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit."[37] Here, although this Court has advised that it will rule on the transfer motion before the *Markman* hearing, this Court still may be called upon to resolve other disputes related to claim construction, discovery, or the merits (e.g., any disputes that arise concerning the sufficiency of infringement or invalidity contentions, elections of asserted claims or prior art, etc.). And it serves the interests of judicial economy for all such

---

[34] No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (internal quotation omitted).

[35] *See* ECF No. 36 at 2–3.

[36] This is illustrated by *Largan Precision Co., Ltd. v. Ability Opto-Electronics Technology Co., Ltd.*, which the Eastern District of Texas was required to transfer to the Northern District of California after the Federal Circuit granted a mandamus petition. N.D. Cal. Case 3:20-cv-6607; E.D. Tex. Case 4:19-cv-696. Although the parties had already completed the claim construction briefing in Texas, and despite the similarities in the two districts' local rules, the Northern District nonetheless required the parties to repeat the claim construction disclosures and briefing and provide a new technical tutorial under California rules and procedures. *See*, *e.g.*, N.D. Cal. Case 3:20-cv-6607, ECF No. 177 at 3, 5.

[37] *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970); *see also In re Nintendo*, 544 F. App'x at 941 ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case.").

disputes to be resolved, to the extent possible, by the court that ultimately determines the merits.

Further, because ADTRAN also moved for a stay in Correct Transmission's related case, a stay here prevents any waste of judicial resources that may result if the two cases unnecessarily deviate from the same procedural path. And for that reason as well, this factor favors a stay.

## IV. CONCLUSION

A stay here will obviate the need for the parties to submit substantive claim construction briefing and prepare for a *Markman* hearing while Juniper's transfer motion remains pending. It's thus warranted under the Federal Circuit's *SK hynix* decision. The same relief is appropriate under the traditional discretionary stay factors as well. Juniper thus respectfully requests a stay of all non-venue-related proceedings in this case until the Court rules on Juniper's motion to transfer. And in light of the approaching substantive deadlines, Juniper further respectfully requests an expedited hearing on this motion, as detailed in its co-filed Motion to Expedite.

Dated: February 12, 2021

Respectfully submitted,

*/s/ R. William Sigler*
Alan M. Fisch (*pro hac vice*)
D.C. Bar No. 453068
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
D.C. Bar No. 490957
*bill.sigler@fischllp.com*
Adam A. Allgood
Texas Bar No. 24059403
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Juniper Networks, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(b).

*/s/ R. William Sigler*
R. William Sigler

**CERTIFICATE OF CONFERENCE**

Per Local Rule CV-7(i), Juniper states that counsel has complied with the meet-and-confer-requirement of the Local Rules and that Correct Transmission opposes the foregoing motion. The parties could not reach agreement because Juniper believes that the Federal Circuit's *SK hynix* decision requires a stay, but Correct Transmission opposes a stay, because Juniper allegedly delayed in seeking a stay and the same issue is before the Federal Circuit in the related *ADTRAN* matter.

*/s/ R. William Sigler*
R. William Sigler