# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| CORRECT TRANSMISSION, LLC | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil. Action No. 6:20-CV-670-ADA |
| | § | |
| JUNIPER NETWORKS, INC. | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## CORRECT TRANSMISSION, LLC'S OPPOSITION TO JUNIPER NETWORKS, INC.'S MOTION TO STAY AND OPPOSED MOTION TO EXPEDITE HEARING

Plaintiff Correct Transmission, LLC submits this brief in opposition to Defendant Juniper Networks, Inc.'s ("Juniper") Motion to Stay Pending Resolution of its Motion to Transfer ("Motion to Stay") (Dkt. #40) and Juniper's Opposed Motion to Expedite Hearing on its Opposed Motion to Stay Proceedings Pending Resolution of its Motion to Transfer ("Motion to Expedite") (Dkt. #41) and respectfully shows as follows:

## I.     INTRODUCTION

A stay in this case would cause prejudice to Correct Transmission, create judicial inefficiencies, and halt a schedule Juniper already *agreed to*. Juniper delayed filing its Motion to Stay four months after it filed its motion to transfer and two months after it consented to the operative schedule it now seeks to annul. Dkt. #35. Even more egregious, Juniper waited to seek a stay until after it had the opportunity to evaluate Correct Transmission's preliminary election of asserted claims, which it utilized in its recent IPR filing on one of the asserted patents. Such gamesmanship should warrant denial of the Motion to Stay. Further, a stay would derail the efficiencies of having a joint *Markman* hearing with co-defendant,

CORRECT TRANSMISSION'S OPPOSITION TO JUNIPER'S MOTION TO STAY         1

ADTRAN, who is accused of infringing the same five asserted patents. Indeed, Correct Transmission, ADTRAN, and Juniper have already jointly exchanged proposed terms for construction and within one day of this filing will jointly exchange preliminary constructions. Given Juniper's explicit consent to the current scheduling order, the judicial efficiencies of a joint *Markman* hearing, and the prejudice to Correct Transmission, the Motion to Stay should be denied.

## II. STATEMENT OF FACTS

Plaintiff filed its Complaint for Patent Infringement on July 23, 2020 asserting U.S. Patent Nos. 6,876,669; 7,127,523; 7,283,465; 7,768,928; and 7,983,150 ("Patents-in-Suit"). Dkt. #1. On the same day, Plaintiff filed a Complaint for Patent Infringement against ADTRAN, asserting the same Patents-in-Suit ("*ADTRAN* Case"). *ADTRAN case*, 6:20-cv-669 (Dkt. #1) (W.D. Tex. July 23, 2020). On October 13, 2020, Juniper filed its Opposed Motion to Transfer Venue to the Northern District of California ("Motion to Transfer"). Dkt. #20. Initially, Correct Transmission sought venue discovery and Juniper agreed to a scheduling order incorporating venue discovery and briefing schedule. Dkt. #33.

The Court thereafter modified its Standing Order that allowed for extended venue discovery. After confirmation from the Court that the Standing Order applied in this case, on December 8, 2020, Juniper and Correct Transmission filed a Joint Motion for Entry of Amended Scheduling Order (Dkt. #35), which the Court adopted and is the current schedule in place in the *Juniper* case. Dkt. #36. At no point in entering the two aforementioned scheduling orders did Juniper mention that the case should be stayed in lieu of the pending Motion to Transfer.

In addition, Correct Transmission served its preliminary election of asserted claims—reducing its asserted claims from 140 to 50. With the benefit of seeing Correct Transmission's claim election, Juniper filed its petition for *inter partes review*

("IPR") of the '150 Patent with a strong focus on the claims asserted on January 26, 2021. IPR2021-00469.

The Court has scheduled a combined *Markman* hearing for the *Juniper* and *ADTRAN* Cases for May 28, 2021. Dkt. #36 at p. 3; *ADTRAN* Case, Dkt. #34 at p. 3. This is over two weeks ***after*** Juniper's Motion to Transfer is fully briefed. Dkt. #36 at 3; *ADTRAN* Case, Dkt. #34 at 3. The Court has indicated it will set a hearing on the Motion to Transfer as soon as it is fully briefed. Exhibit A.

### III. ARGUMENT & AUTHORITIES

The decision to stay rests within the Court's discretional authority. *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019). In determining whether a stay is proper, a district court should consider (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Id.* (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)). In choosing whether to exercise such discretion, the Court must determine whether the proponent has met its "burden to 'make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (quoting *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984)). Here, the factors do not support granting a stay.

1. **Factor One: A Stay Will Prejudice Correct Transmission**

A stay would be highly prejudicial to Correct Transmission. Juniper waited four months after filing its Motion to Transfer to seek a stay. Additionally, Juniper waited two months after it consented to the current scheduling order. Juniper waited two months after its co-defendant ADTRAN filed its motion to stay. Juniper, however, wasted no time filing its Motion to Stay after Correct Transmission served its preliminary election of asserted claims and Juniper filed its first petition for IPR.

There is only a 17-day difference between the day Juniper filed its first petition for IPR—using the information from Correct Transmission's election of asserted claims—and the day Juniper filed the present Motion to Stay. Likewise, after the parties exchanged claim terms for construction, Juniper, like clockwork, filed its second IPR petition 17 days after receiving Correct Transmission's proposed claim terms. Normally, the PTAB would apply the factors set forth in *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 (PTAB Mar. 20, 2020) and—based on the significant investment in the instant proceeding by Correct Transmission and the Court, as well as the unfairness to patent owners if, after the District Court proceeding has significantly progressed, defendants were allowed to escape to the PTAB with patent owner's litigation positions shortly before a looming deadline—deny institution, but Juniper seeks to exploit the exception to that rule if the District Court proceeding is stayed. *Id.* at *6-13 (explaining that a District Court stay favors IPR institution, but substantial overlap in the issues between the proceedings and significant investment in the District Court proceeding, including *Markman*, by the Court and the parties weighs in favor of denial of institution). It now appears that Juniper participated in the litigation as a useful opportunity to learn Correct Transmission's litigation positions until it got what it needed, while planning to throw up a last-minute Motion to Stay. It is no excuse for Juniper to base its requested stay on "recent" mandamus decisions from the Federal Circuit. Further, the aforementioned recent decisions[1] do not provide an intervening change of law. *In re Apple* merely acknowledged the importance of deciding venue motions early in the case, which is a reiteration of a familiar concept. *See, e.g., In re Horseshoe*, 337 F.3d 429, 433 (5th Cir. 2003). Therefore, *In re Apple* cannot justify Juniper's delay in filing the instant Motion to Stay. And *In re SK hynix* does nothing to extend the principle that venue challenges

---

[1] *In re SK hynix*, No. 2021-113, 2021 WL 321071 (Fed. Cir. Feb. 1, 2021) and *In re Apple*, 979 F.3d 1332 (Fed. Cir. 2020), *pet. for en banc reh'g filed*, Misc. No. 2020-135 (Fed. Cir. Dec. 9, 2020).

should take precedence and that trial courts should not delay ruling on a *ripe* motion challenging venue. 2021 WL 321071, at *2. These cases have not created law; this principle that a venue motion should take priority in a case – a principle that has not been violated in this case - has been available to Juniper since the day it filed its Motion to Transfer.

The delay sought in this case is not a result of Correct Transmission's actions. Contrary to Juniper's characterization, Correct Transmission did not argue to extend the venue discovery deadline. Correct Transmission correctly understood the Court's new Standing Order to apply to this case and is operating under this Court's rules appropriately. The only delay has been Juniper's.

A stay of the case would also result in duplicative litigation between the ADTRAN and Juniper cases.[2] The Court has scheduled a joint *Markman* hearing. Dkt. #36 at 3; *ADTRAN* Case, Dkt. #34 at 3. A stay of the Juniper case would result in different schedules for the two cases and would require Plaintiff, and the Court, to conduct two separate *Markman* hearings on the same Patents-in-Suit. Thus, even aside from prejudice aggravated by Juniper's delay, Correct Transmission would be prejudiced by a stay of this case.

**2. Factor Two: Proceeding with Litigation Will Not Prejudice Juniper**

On the other hand, the status quo does not prejudice Juniper. In any event, Juniper waived any purported prejudice by its delay in filing the Motion to Stay and by its consent to the current schedule. The operative scheduling order sets forth the completion of venue discovery, briefing on the Motion to Transfer, and the claim construction process. Not only did Juniper agree to the schedule, but it, like Correct

---

[2] ADTRAN has likewise requested a stay, which the Court has yet to rule on. ADTRAN also filed a petition for mandamus seeking resolution of its motion to stay. ADTRAN's petition lacks merit as its supporting authorities—similar to the ones cited in support for Juniper's motion to stay—are distinguishable from the case at hand, where the venue motions are not fully briefed and are scheduled to become ripe and could be decided ***before*** the *Markman* hearing. A stay is not necessary or appropriate in either case.

Transmission, has been operating under the schedule, with no hint that it would suddenly move to stay deadlines and bring all patent disclosures to an abrupt halt. Juniper never suggested to either Correct Transmission or the Court that it should not have to participate in the substantive issues while its Motion to Transfer is pending. Juniper's reasoning based on to the Federal Circuit's decision in *In re SK hynix* is flawed. Unlike the facts in *SK hynix*, briefing is not complete on Juniper's motion to transfer. Additionally, the current scheduling order allows ample time for the Court to issue an order on the transfer motion. *In re SK hynix* does not stand for the proposition that "courts may not require parties to submit substantive claim construction briefing and prepare for a *Markman* hearing" while a motion to transfer is pending, as Juniper claims. (Dkt. #40 at p.1). Such an approach would cause major delays in patent litigation, postponing patent disclosures that would likely need to be made regardless of venue. Instead, the Federal Circuit reemphasized that courts should give top priority to a transfer-related issue once it is fully briefed. *In re SK hynix*, 2021 WL 321071, at *2 (finding that having a venue motion fully briefed on May 26, 2020 without a ruling by February 1, 2021 amounted to "egregious delay and blatant disregard for precedent"). Although the Federal Circuit did stay the claim construction deadlines pending in that case, it did not indicate that this is mandated or that briefing *Markman* issues was <u>never</u> appropriate—and certainly not when the motion isn't even ripe.

The additional cases that Juniper cites—*In re Apple*, *In re Nintendo,* and *In re Horseshoe Entertainment*—offer no more support than *In re SK hynix.* These cases recite the general proposition that motions to transfer venue should be considered early in the case before substantive portions of the case, but are otherwise distinguishable. In fact, none of the aforementioned cases states that the defendant should be allowed to refrain from participation in the case until the Court has resolved venue. *In re Apple*, 937 F.3d at 1338; *In re Horseshoe Ent'mt*, 337 F.3d at

433; *In re Nintendo Co. Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. Sept. 25, 2013). Additionally, they do not suggest that courts are forbidden from permitting *Markman* preparation before ruling on venue motions. *In re Apple*, 979 F.3d at 1338 (discussing the fact that venue motions should be decided early in a case before substantive matters); *In re Horseshoe Ent'mt*, 337 F.3d at 433 (stating that venue motions should be decided early without delay); *In re Nintendo*, 544 F. App'x at 941 (explaining that venue motions should be decided before other substantive issues).

Indeed, *In re Nintendo* merely discusses the order in which a motion to transfer should be decided in relation to a motion to sever, reminding courts that a motion to transfer should be decided first. *In re Nintendo* clearly has no bearing to the facts at hand.

Similarly, in *In re Horseshoe Entertainment*, the court waited over a year to rule on a motion to transfer. *In re Horseshoe Ent'mt*, 337 F.3d at 433. The defendant timely filed its motion, and the parties did not engage in venue discovery. *Id.* The Fifth Circuit indicated that there was no justification for such a delay in ruling on a motion to transfer, which should take top priority. *Id.* Here, the motion is not fully briefed, and the Court has indicated it will set the Motion to Transfer for hearing upon the completion of the briefing. Exhibit A. The Court is therefore acting in accordance with recent Federal Circuit guidelines.

Finally, in *In re Apple*, the venue motion was fully briefed, and the district court indicated to the parties that the venue motion would be denied but did not issue a formal order denying the motion until after the "court held a *Markman* hearing, issued its claim construction order, held a discovery hearing regarding the protective order in the case, and issued a corresponding discovery order." *In re Apple*, 979 F.3d at 1336. The Federal Circuit panel, in deciding waiver issues based on the timing of Apple's petition, discussed the importance of deciding venue motions early and characterized a *Markman* hearing and corresponding claim construction order as

intensive substantive tasks. *Id.* at 1338. Here, Correct Transmission is not urging the Court to decide core substantive issues in the case prior to deciding Juniper's Motion to Transfer. Correct Transmission is simply seeking to ensure that substantive work, which is required even in Juniper's desired forum, does not languish during the venue discovery and briefing period. Thus, these allegedly supporting authorities are distinguishable in their concerns.

Juniper's sole alleged element of prejudice is based on the fallacy that substantive work performed by the parties while waiting on a decision is wasteful and duplicative. Yet invalidity and claim construction disclosures are central to every patent infringement case, and these efforts are required regardless of the venue. *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-980-JRG, 2017 WL 6559172, at *4 (E.D. Tex. Dec. 22, 2017) (citing 28 U.S.C. § 1406(a); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV-H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017)) (explaining that work done in preparation of trial in a patent case can be easily transferred into the new forum). If the case were transferred to the Northern District of California, the substantive work on invalidity and claim construction could still apply. *See id.*; N.D. Cal. Patent L.R. 3–4. Further, fact discovery, unrelated to venue, is stayed until after the claim construction hearing. (Dkt. #17 p. 8). Therefore, no duplicative efforts are required by either party absent a stay. *See id.*

Juniper cites to *Largan Precision* to support its position that work would need to be redone, but Juniper did not provide the full picture of the case. In *Largan Precision*, the defendants at the Joint Case Management Conference requested a claim construction restart, as the posture of the case had changed significantly since claim construction briefing was filed in the transferor court. Significantly, the *Largan* court found that: (1) the plaintiff exhibited alleged gamesmanship in the discovery process, by not disclosing 75% of its documents until after the defendants filed their responsive claim construction brief, which necessitated the construction of

an additional claim; and (2) the claim construction proceedings up until that point had been completed with a party that was no longer a party to the case.[3] Exhibit B at 6–7. The Largan defendants argued that the prior claim construction proceedings were tainted by the settling defendant and their discovery abuse. *Id.* Moreover, the defendants argued that the claim construction briefing had been completed only after the plaintiff filed its reply in violation of the Federal Circuit's mandamus order. Exhibit B at p. 7. Here, Juniper's claim construction efforts are not squandered, and Juniper has not sufficiently demonstrated that it will be prejudiced by continuing to participate in this lawsuit under the current scheduling order.

### 3. Factor Three: Judicial Resources Will Not Be Spared by Granting a Stay.

Similarly, no judicial resources are spared by a stay of the case pending a decision on the Motion to Transfer. In fact, judicial efficiencies are gained by proceeding with the litigation as the parties have been doing for months. The current schedule sets a joint *Markman* hearing in the Juniper and ADTRAN cases on May 28. A stay in this case would require both Plaintiff and the Court to conduct two separate *Markman* hearings for the same five Patents-in-Suit. Indeed, the parties are proceeding in the case in an efficient manner. On February 5, 2021, ADTRAN, Juniper, and Correct Transmission simultaneously exchanged proposed terms for construction and are set to exchange preliminary constructions tomorrow (Wednesday, Feb. 24). Dkt. #42. Additionally, Juniper did not join in co-defendant ADTRAN's Motion to Stay, which was filed in December; nor did Juniper file a concurrent motion allowing the Court to coordinate the schedules. Instead, Juniper waited more than four months after it filed its Motion to Transfer and until it received Correct Transmission's preliminary claim election.

---

[3] Largan had initially included Newmax Technology Co., Ltd. ("Newmax") as a defendant alleged to infringe the same patents as the other defendants in the *Largan* suit. Exhibit B at p. 3. Largan settled with Newmax in August 2020 and the case was transferred the following month, in September 2020.

Thus, granting the Motion to Stay will not promote judicial economy. Continuing with the merits of the case will promote the public interest in the speedy resolution of disputes. *Intellectual Ventures II*, 2017 WL 6559172, at *4 (citing *In re Cobalt*, 2017 WL 3620590, at *4 ("[T]he Court finds that a stay will not further judicial economy because, as noted above, most of the discovery will need to be conducted even if the Rue 23(f) appeal is successful."); *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014)).

This final "judicial resources" factor—and all the appropriate factors—weigh against granting a stay.

### 4. The "Urgency" that Juniper Feels Is Juniper's Own Doing; Thus, an Expedited Briefing Schedule and Hearing are Unwarranted.

As emphasized above, Juniper delayed filing its motion to stay the case—waiting four months after filing its Motion to Transfer and over two months after its co-defendant filed its stay motion, and after agreeing to the current schedule. Any emergency or urgency that Juniper imagines now was created by its own, unjustifiable delay. Thus, an expedited briefing schedule and hearing on the matter is unwarranted and should be denied.

## IV. CONCLUSION

All three factors weigh against a stay. Moreover, Juniper was dilatory in seeking a stay. For all of the foregoing reasons, Defendant's Motion to Stay and Motion to Expedite should be denied.

Dated: February 23, 2021

Respectfully Submitted,

/s/ *Bradley D. Liddle*
E. Leon Carter
lcarter@carterarnett.com
Texas Bar No. 03914300
Bradley D. Liddle
bliddle@carterarnett.com
Texas Bar No. 24074599
Scott W. Breedlove
sbreedlove@carterarnett.com
State Bar No. 00790361
Joshua J. Bennett
jbennett@carterarnett.com
Texas Bar No. 24059444
Minghui Yang
myang@carterarnett.com
Texas Bar No. 24091486
Monica Litle
mlitle@carterarnett.com
Texas Bar No. 24102101
Nathan Cox
ncox@carterarnett.com
Texas bar No. 24105751

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on February 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all counsel of record.