# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>    Defendant. | Civil Action No.: 6:20-cv-670-ADA<br><br>**JURY TRIAL DEMANDED** |

## JUNIPER'S REPLY IN FURTHER SUPPORT OF ITS
## OPPOSED MOTION TO STAY

When the briefing on Juniper's motion to transfer concludes in May, that motion will have been pending for seven months and the parties will have already devoted significant resources to claim construction and other substantive matters. A stay is thus warranted, either under *SK hynix* or the traditional discretionary factors.[1] Indeed, Correct Transmission's (CT) response fails to explain why *SK hynix* doesn't command a stay here.[2] And the response likewise fails to refute that a stay would: (1) not prejudice CT; (2) avoid hardship and inequity to Juniper; and (3) conserve judicial resources. The Court thus should stay all non-venue proceedings and discovery until after ruling on Juniper's transfer motion.

### A. The Federal Circuit's *SK hynix* Decision Requires a Stay.

The Federal Circuit had previously held that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."[3] Only on February 1, 2021, did *SK hynix* clarify that a trial court also may not require parties to address a substantive portion of the case, such as claim construction, when a timely motion to transfer remains pending months after filing.[4] And because Juniper moved for a stay 11 days after the Federal Circuit issued that decision, Juniper's request was timely.[5]

In arguing that Juniper delayed moving to stay, CT misreads *SK hynix* as "do[ing] nothing to extend" the Federal Circuit's *In re Apple* decision, which according to CT "merely

---

[1] *See* ECF No. 40; *In re SK hynix Inc.*, 835 F. App'x 600 (Fed. Cir. 2021).

[2] *Cf.* ECF No. 40 at 4–6 (arguing, separate from the factors, that "*SK hynix* Requires a Stay …").

[3] *E.g.*, *In re Nintendo Co., Ltd.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013); *accord In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (A transfer motion should "take top priority.").

[4] *See In re SK hynix*, 835 F. App'x at 601.

[5] *See* ECF No. 40. Consistent with this, CT characterizes Federal Circuit decisions preceding *SK hynix* as holding that courts should "decide[]" venue motions "before substantive matters," or "before other substantive issues." ECF No. 44 at 7 (describing *Apple* and *Nintendo*, *supra*).

1

acknowledged the importance of deciding venue motions early in the case" and reiterated that "familiar concept."[6] CT thus ignores that SK hynix first requested a stay seven months after moving to transfer, three months longer than it took Juniper to do the same.[7] And CT ignores that in *SK hynix*, as here, this Court told the parties that it would resolve the transfer motion before any *Markman* hearing.[8] But it isn't enough for a court to address transfer before addressing a substantive portion of the case; rather, it also mustn't require parties to do so if a transfer motion has been pending for a significant time.[9] As the Federal Circuit held, it's impermissible "to proceed with all deadlines while [resolving] the jurisdictional issues in parallel," when there's a "lengthy delay [in deciding a transfer motion] and [an] upcoming *Markman* hearing."[10] And as Juniper has shown, the similar circumstances here likewise warrant a stay.[11]

### B. The Relevant Factors Continue to Warrant a Discretionary Stay.

A stay also remains warranted under a traditional stay analysis, which considers: (1)

---

[6] ECF No. 44 at 4.

[7] *See*, *e.g.*, Fed. Cir. Case 21-113, ECF No. 2-1 at 14.

[8] *E.g.*, W.D. Tex. Case 6:20-cv-525, ECF No. 23 (Minute Entry). The *SK hynix* respondent explained this in detail to the Federal Circuit. *See* Fed. Cir. Case 21-113, ECF No. 9-1 at 3; *see also id*. at 1 (arguing mandamus is unnecessary because "[t]he district court has now noticed a hearing on the [transfer] motion" and a decision should "issue promptly"). And the 17-page transfer decision that this Court issued one day after the Federal Circuit granted mandamus relief in *SK hynix* shows that this Court was prepared to follow through on this promise.

[9] CT argues that Federal Circuit precedent doesn't "suggest that courts are forbidden from permitting *Markman* preparation before ruling on venue motions." ECF No. 44 at 7. But that misses the point. Juniper agrees that a stay may not be required where, e.g., a party moves to transfer shortly before the scheduled *Markman* hearing. But here, as in *SK hynix*, the motion to transfer was filed more than six months before the scheduled hearing.

[10] *In re SK hynix*, 835 F. App'x at 600–01.

[11] As previously explained, Juniper and CT were scheduled to exchange proposed constructions on February 19, 2021, and they have since done so. Next, the parties must disclose extrinsic evidence on March 10, 2021, and begin preparing claim construction briefing that concludes on May 14, 2021—three days after the completion of the transfer briefing.

potential prejudice to the non-moving party; (2) potential hardship and inequity to the moving party; and (3) judicial resources.[12] On the first factor, CT fails to address that it previously agreed to a schedule under which venue discovery would've concluded in mid-December 2020, and briefing on Juniper's motion to transfer would've concluded in early January 2021. This Court adopted that schedule on November 20, 2020, a day after the Court issued a November 19, 2020 standing order.[13] Only because CT successfully argued to expand venue discovery in both scope and timing was there a four month delay in the briefing. Thus, CT created any delay here.[14]

Further, CT's assertions that there was anything improper or prejudicial about the timing of Juniper's IPR petitions lack merit.[15] The PTAB has repeatedly held "that it is often reasonable for a petitioner to wait to file its petition until it learns which claims are being asserted against it in the parallel proceeding."[16] And this is consistent with the purpose and legislative history of the America Invents Act, which intended to provide IPRs as an alternative to litigation in district courts. IPRs couldn't provide such an alternative if defendants were required to file IPR petitions before knowing what claims would be asserted against them.[17]

---

[12] *See* ECF No. 40 at 6–9; *Neodron Ltd. v. Dell Techs. Inc.*, No. 1:19-cv-819, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019).

[13] *See* ECF No. 33; *see also* ECF No. 40 at 3–4 (providing background).

[14] *See* ECF No. 40 at 3–4; *see also id*. at 7 n.32 (collecting cases holding that potential delay in vindication of purported patent rights is always present and not sufficient to deny stay).

[15] *E.g.*, ECF No. 44 at 1 ("Even more egregious, Juniper waited to seek a stay until after it had the opportunity to evaluate [CT]'s preliminary election of asserted claims, which it utilized in its recent IPR filing …. Such gamesmanship should warrant denial of the Motion to Stay."); *id*. at 2–3 ("With the benefit of seeing [CT]'s claim election, Juniper filed its petition for [IPR] ….").

[16] *Apple Inc. v. Maxell, Ltd.*, IPR2020-00204, Paper 21 at 7–8 (PTAB Dec. 15, 2020) (quoting *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 11 (PTAB Mar. 20, 2020) (precedential)).

[17] *See id*. Moreover, in the two IPRs filed so far, Juniper seeks to invalidate all of CT's original asserted claims. And thus, Juniper didn't rely on CT's narrowed list of asserted claims.

CT's suggestion that Juniper is seeking a stay to "exploit" some exception to the PTAB's precedential *Apple Inc. v. Fintiv, Inc.* decision is similarly meritless.[18] *Fintiv* lists six factors that the PTAB considers in deciding "whether efficiency, fairness, and the merits" support discretionary denial in view of a parallel case, one of which concerns a stay "if a [PTAB] proceeding is instituted."[19] But as the PTAB explained, a "district court stay of the litigation *pending resolution of the PTAB trial* allays concerns about inefficiency and duplication of efforts."[20] *Fintiv* doesn't suggest that discretionary denial hinges on stays generally, much less a limited stay pending resolution of venue issues. CT thus has provided no reason why it would be prejudiced.

By contrast, Juniper would suffer unnecessary hardship and inequity if forced to litigate the merits while its transfer motion remains pending.[21] As Juniper explained, if the case is transferred to the Northern District, the parties likely will need to repeat the claim construction process, as illustrated by *Largan Precision Co., Ltd. v. Ability Opto-Electronics Technology Co., Ltd*.[22] CT doesn't show otherwise, and its arguments confuse what certain parties argued in *Largan* with what the court in that case found.[23] Upon receiving that case, the court ordered the parties to begin the claim construction process anew, not in response to any argument or request. Rather, as Judge Donato stated at the first hearing after transfer:

---

[18] ECF No. 44 at 4 (citing *Fintiv*, IPR2020-00019, Paper 11).

[19] IPR2020-00019, Paper 11 at 6.

[20] *Id*. (emphasis added).

[21] *E.g.*, ECF No. 40 at 1, 5–8 (explaining that Juniper will be required to expend resources in connection with numerous substantive deadlines leading up to the May 28 *Markman* hearing).

[22] As Juniper explained, *Largan* is a recent example of a situation where parties completed claim construction briefing in Texas, shortly before a mandamus petition required transfer to the Northern District of California. *See* N.D. Cal. Case 3:20-cv-6607.

[23] *See* ECF No. 44 at 8–9. Juniper's attorneys of record here also represent the plaintiff in *Largan* and are personally familiar with proceedings in that case.

> [Y]ou are now in the Northern District. So you are going to California-ize your case. … [On] claim construction, I am not willing to tie my hands to what happened in [Texas]. So you all need to go back -- I know it's going to be a little more work, but you should go back and work out a new claim construction process.[24]

Thus, there is significant potential hardship and inequity to Juniper, of the same kind at issue in the Federal Circuit's *SK hynix* decision.[25]

And as Juniper explained, a stay will ensure that the court that reaches the merits will also decide other disputes that arise during this suit, thus serving the interests of judicial economy.[26] And contrary to CT's assertion that a stay "would result in different schedules" and "two separate *Markman* hearings" for this case and the *ADTRAN* case, consenting to a stay in both would've been the simplest and surest way to avoid that result. CT also ignores that ADTRAN has filed a mandamus petition on its stay motion, which may lead to the two cases being on different schedules if this Court denies a stay here and the Federal Circuit grants ADTRAN relief.

Thus, all three discretionary factors warrant a stay, as it won't prejudice CT and will save the parties from expending resources on substantive work that they will likely need to repeat if this case is transferred. And under a traditional stay analysis or *SK hynix*, this Court should stay all non-venue-related proceedings until it rules on the transfer motion.

---

[24] Ex. C at 3, 5 (Tr. of Proceedings on Jan. 7, 2021; N.D. Cal. Case 3:20-cv-6607, ECF No. 171). Under N.D. Cal. Gen. Order 59, this transcript currently is available at public terminals and will be available on Pacer when the period for redacting personal information has passed. *See also* N.D. Cal. Case 3:20-cv-6607, ECF No. 177 at 7 (Joint Statement referring to rulings at hearing).

[25] *See*, *e.g.*, Fed. Cir. Case 21-113, ECF No. 2-2 at Appx0570–71 (SK hynix explaining that it sought stay to avoid unnecessary claim construction briefing and *Markman* hearing preparation).

[26] ECF No. 40 at 8 (quoting *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970)).

Dated: March 2, 2021                    Respectfully submitted,

<u>/s/ R. William Sigler</u>
Alan M. Fisch (*pro hac vice*)
D.C. Bar No. 453068
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
D.C. Bar No. 490957
*bill.sigler@fischllp.com*
Adam A. Allgood
Texas Bar No. 24059403
*adam.allgood@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
202.362.3500

*Attorneys for Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(b).

*/s/ R. William Sigler*
R. William Sigler