IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    *Defendant*. | Case No. 6:20-cv-670-ADA |

**JUNIPER'S REPLY IN FURTHER SUPPORT OF MOTION TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF CALIFORNIA**

It's undisputed that the relevant party witnesses and documents are predominately in the NDCA, where Juniper is headquartered. None are in Texas, where Juniper no longer maintains any offices.[1] And CT's response confirms that the NDCA is the only U.S. venue where any inventor resides, that CT's patents were developed overseas, and that no potential non-duplicative third-party witnesses are in Texas. Indeed, seven months of venue discovery have produced no facts tethering this case to this District except that CT, a Delaware LLC with no witnesses, evidence, or offices in Texas, chose to sue here. Hence, the sources of proof, convenience of witnesses, and local interest § 1404(a) factors strongly favor transfer, with the other factors neutral. This Court should thus transfer this case to the NDCA, in accordance with governing law.[2]

## I. THE PRIVATE-INTEREST FACTORS CONTINUE TO WARRANT TRANSFER.

**Witness Convenience:** It's undisputed that ten of the 12 Juniper witnesses knowledgeable about the accused products work at Juniper's Sunnyvale headquarters; none are in Texas.[3] And the potential non-party witnesses, willing or unwilling, don't tilt any private-interest factors CT's way. One named inventor (Rath) lives in the San Francisco Bay Area, while another (Harel) co-founded a firm with an office there.[4] And as the Federal Circuit has held on similar facts, the locations of these party and non-party witnesses "significantly" favor transfer.[5]

---

[1] Juniper closed those offices in March. ECF No. 57-12 at 149:1–3; *see also id*. at 145–48.

[2] *See*, *e.g.*, *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (Transfer is warranted in cases "featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff.").

[3] *E.g.*, ECF No. 20-1. CT hasn't identified any party witnesses of its own in Texas or elsewhere.

[4] *See* ECF No. 20 at 4; ECF Nos. 20-5 and 20-6. Although CT argues Harel "has always lived in Israel," his declaration (ECF No. 57-14) doesn't contradict that his company has only one U.S. office, in San Jose, and he's subject to compulsory process if he regularly does business there.

[5] *In re Adobe Inc.*, 823 F. App'x 929, 931 (Fed. Cir. 2020) (where "inventor and his company" were in NDCA and "transfer would make providing testimony or documentary evidence more convenient or allow a party to subpoena such information," finding that compulsory process and sources of proof, viewed together, "significantly" favored transfer); *id*. at 931–32 (finding that

Moreover, CT doesn't dispute that NDCA is more convenient for the Israeli witnesses, due to non-stop flights.[6] CT's inventor declarations state that they "prefer[] to travel to a single location for both the Juniper and Adtran trials," over "both California and Alabama for separate trials."[7] But the AIA precludes these two cases from being consolidated for trial, and CT's declarations never state that Waco is more convenient than elsewhere. Further, the inventors can be deposed by video;[8] and, even if that weren't so, their considerations can't outweigh those for all the NDCA witnesses. The Federal Circuit found in *In re TracFone Wireless, Inc*. that any inconvenience to non-parties in Minnesota and Arizona didn't "outweigh[] the convenience of having several party witnesses [in Florida] be able to testify at trial without having to leave home."[9]

And the prospect of any of the former Juniper employees that CT relies on testifying at trial is remote. This Court presumes that "only a few party witnesses and even fewer non-party witnesses (if any) will testify at trial."[10] And Circuit precedent requires this Court to assess the materiality of their proposed testimony.[11] Here, CT avers that former Juniper employees Hanks and Pochop have knowledge of "the design and development of accused products," but doesn't identify any information they might have that current Juniper employees couldn't provide.[12]

---

willing witnesses also favored transfer, where movant "identified a significant number of its own employees as potential witnesses" in NDCA).

[6] *See* ECF No. 20 at 9.

[7] ECF Nos. 57-14 to 57-21. CT didn't submit a declaration from Rath, the inventor in San Francisco, or Shalom, another inventor (though he doesn't appear to reside in the U.S.).

[8] *See Nexus Display Techs. LLC v. Dell, Inc.*, 2015 WL 5043069, *4 (E.D. Tex. Aug. 25, 2015) (citing *Battle v. Mem'l Hosp.*, 228 F.3d 544, 554 (5th Cir. 2000)).

[9] 2021 WL 1546036, at *2–3 (Fed. Cir. Apr. 20, 2021) (transferring case to S.D. Fla.).

[10] *Infogation Corp. v. Google LLC*, No. 6:20-cv-366, Doc. 65 at 8 (W.D. Tex. Apr. 29, 2021).

[11] *See, e.g.*, *Solas OLED Ltd. v. Apple Inc.*, 2020 WL 3440956, at *4 (W.D. Tex. June 23, 2020).

[12] ECF No. 57 at 8; *see also id*. at 7 (acknowledging that CT named these witnesses based only on job titles and their general descriptions of their roles on publicly available social media).

2

Courts routinely discount such proposed duplicative testimony.[13] Indeed, CT tacitly confirms that such testimony would be at best duplicative by relying on the fact that Hanks had "the same title" as one of Juniper's identified witnesses.[14] And Hanks' writing doesn't set him apart as specially knowledgeable, as the publicly accessible Juniper library for which Hanks published his 2011 book offers 60 downloadable books by other authors.[15] Even if it did, current and former Juniper employees in NDCA have also authored books on the accused products and features.[16] Thus, the witness convenience factor strongly favors transfer.

**Sources of Proof:** As noted, the vast majority of relevant documents are at Juniper's Sunnyvale headquarters, which is also where Juniper's source code is stored and can be reviewed.[17] And any third-party evidence in the U.S. from the inventors would be in the NDCA, which is also where Juniper believes that Cisco and HPE have relevant prior art.[18] By contrast,

---

[13] *E.g.*, *Pinpoint, Inc. v. Amazon.com, Inc.*, 2003 WL 22175514, at *3 (N.D. Ill. Sept. 19, 2003 (finding former employees' proposed testimony on development of accused technology "appears cumulative of current employees'"); *Kravitz v. Apollo Glob. Mgmt., LLC*, 2017 WL 3045919, at *4 (C.D. Cal. Apr. 5, 2017) (similar); *Kroy IP Holdings, LLC v. Starbucks Corp., Inc.*, 2014 WL 5343168, at *3 (E.D. Tex. Sept. 30, 2014) (similar); *cf. Kuster v. W. Digital Techs., Inc.*, 2021 WL 466147, at *6 (W.D. Tex. Feb. 9, 2021) (finding former employee in WDTX had "unique information" and was "likely the most relevant former employee for [relevant] time period").

[14] ECF No. 57 at 3, 7. CT similarly argues Pochop was on a committee to review Juniper patents, which is irrelevant. And again, other committee members would have the same information.

[15] These are just selected titles. *See* https://www.juniper.net/documentation/jnbooks/us/en/day-one-books (not including Hanks' book, although it can still be found on Juniper's support Knowledge Base); *see also* https://www.juniper.net/assets/us/en/local/pdf/ebooks/dayone-million-stories.pdf (interviews with 36 "Day One" program authors, including Massimo Magnani, "technical editor for Harry Reynolds' and Doug Hanks'" *MX Series* book, who found translating his technical knowledge into English the "greatest barrier" to completing his own book).

[16] This includes employee Harry Reynolds (Canyon, CA), one of Hanks's co-authors, and former employees Ina Minei (Mountain View, CA), author of *MPLS-Enabled Applications*, and Salman Syed (San Jose, CA), co-author of *Day One: EX Series Up and Running*. ECF No. 57-29; Ex. L.

[17] *E.g.*, ECF No. 20-1 at ¶¶ 2–3, 5, 8–9. As detailed in Juniper's confidential interrogatory responses, Juniper's source code is also stored in additional locations, but not Texas.

[18] Juniper served subpoenas (ECF Nos. 50-1, 50-2) on these non-parties in California, seeking to

Juniper isn't aware of any relevant documents in Texas—CT doesn't claim to have any—and has no offices in this District where electronic documents would be conveniently accessible. And in circumstances weighing less heavily towards transfer, the Federal Circuit granted mandamus relief, finding that it was error to fail "to meaningfully consider the wealth of important information in NDCA."[19] Thus, the sources of proof factor strongly favors transfer.

**Other Practical Problems:** Federal Circuit law holds that CT's filing of two cases here doesn't tip this factor to CT. As *In re Google Inc.* explains, to hold otherwise "would be effectively inoculating a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district."[20] Thus, this factor is neutral.

## II.     THE PUBLIC-INTEREST FACTORS ALSO FAVOR TRANSFER.

**Local Interest:** CT doesn't dispute that Juniper's activities relating to the accused products took place at Juniper's headquarters, and that CT has no ties to this District. Yet, CT argues that "Juniper cannot escape its substantial presence in Texas," pointing to Juniper's small office in Austin "[a]t the time of filing." But even if Juniper still had that office, it'd carry "little

---

specifically identify their documents and witnesses. Juniper couldn't do so earlier, as it first received CT's infringement contentions after moving to transfer. But the Court quashed these subpoenas at CT's request. *See* ECF No. 48; Ex. M (Mar. 1, 2021 email); Ex. N (Mar. 2, 2021 email).

[19] *Compare Uniloc 2017 LLC v. Apple Inc.*, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020) (concluding, *inter alia*, "Apple can remotely access documents from its [WDTX] offices") *with In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (ruling it was error to find documents neutral, given declaration that "Apple stores a significant amount of relevant information in NDCA, including the relevant source code"); *see also Kirsch Rsch. & Dev., LLC v. GAF Materials LLC*, 2020 WL 5815911, at *2 (N.D. Tex. Sept. 30, 2020) (finding it favors transfer if "no known documentary evidence … originated in this District"); *Kuster,* 2021 WL 466147, at *3 (finding defendant "could provide relevant documents" in WDTX "with little effort," as it "admitted" they "would be accessible from [its] offices located in this District").

[20] *In re Google Inc.*, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017); *accord In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (Courts may consider suits with "no issue of transfer.").

weight" absent "any indication that the events giving rise to [the] suit occurred" there.[21] And while CT argues that 164 Juniper employees live in Texas, nearly 3000 are based in Sunnyvale, including the likely witnesses.[22] Further, the fact that Juniper sold products nationwide is insufficient to favor this District over another.[23] Thus, the local interest factor strongly favors transfer.

**Court Congestion:** As this Court has recognized, "this factor is the most speculative and will generally not outweigh the other factors."[24] Historically, the time to trial here and in NDCA has been similar.[25] And the statistics that CT relies on don't show differently, as they cover a one-year period that ends before this Court presided over its first patent-infringement trial.[26] Indeed, relying on such statistics to predict which venue will offer a faster trial a year from now would be particularly speculative, given the increases in this Court's case load and California courts' plans to "fast track" civil trials now.[27] Thus, this factor is neutral.

## CONCLUSION

The sources of proof, convenience of witnesses, and local interest § 1404(a) factors strongly favor transfer. The other factors are neutral. As such, transfer is warranted.

---

[21] *Vassallo v. Goodman Networks, Inc.*, 2015 WL 502313, at *5 (W.D. Tex. Feb. 5, 2015); *see also* ECF No. 20 at 11 n.59 (citing cases holding party headquarters has strong local interest).

[22] *E.g.*, ECF No. 20-1 at ¶ 3.

[23] *See*, *e.g.*, *Vassallo*, *supra*. Similarly, while CT argues that Juniper has a contract with Texas, much the same can be said about other states, including California. *See* https://www.juniper.net/us/en/how-to-buy/public-sector-contracts; Ex. O (publicly available CA addenda).

[24] *Precis Grp., LLC v. TracFone Wireless, Inc.*, 2021 WL 932046, *8 (W.D. Tex. Mar. 11, 2021).

[25] *See generally* ECF No. 20 at 12 n. 62 (citing civil statistics up to June 2020).

[26] *See* ECF No. 57 at 9 (citing civil statistics up to Sept. 2020, which weren't yet available when Juniper filed its motion); *In re Apple*, 979 F.3d at 1343–44 ("[M]ost relevantly, NDCA has historically had a shorter time to trial for patent cases.").

[27] *E.g.*, https://www.law.com/therecorder/2021/04/21/california-judges-reveal-fast-track-for-civil-trials-as-federal-courts-begin-to-reopen. Also, any "garden-variety delay associated with transfer" shouldn't be considered. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013).

| | |
|---|---|
| Dated: May 11, 2021 | Respectfully submitted,<br>*/s/ R. William Sigler*<br>Alan M. Fisch (*pro hac vice*)<br>D.C. Bar No. 453068<br>*alan.fisch@fischllp.com*<br>R. William Sigler (*pro hac vice*)<br>D.C. Bar No. 490957<br>*bill.sigler@fischllp.com*<br>Adam A. Allgood<br>Texas Bar No. 24059403<br>*adam.allgood@fischllp.com*<br>FISCH SIGLER LLP<br>5301 Wisconsin Avenue NW<br>Fourth Floor<br>Washington, DC 20015<br>202.362.3500<br><br>*Attorneys for Juniper Networks, Inc.* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(b).

                                              */s/ R. William Sigler*
                                              R. William Sigler