**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **CORRECT TRANSMISSION, LLC,** § <br> *Plaintiff,* § <br> § **6:20-CV-670-ADA** <br> **v.** § <br> § <br> **JUNIPER NETWORKS, INC.** § <br> *Defendant.* § | |

## ORDER DENYING DEFENDANT JUNIPER NETWORKS' MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

This is an action for patent infringement allegedly committed by defendant Juniper Networks, Inc. Juniper now moves to transfer the above case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). ECF No. 20. Juniper filed its motion on October 13, 2020. ECF No. 20. Plaintiff Correct Transmission filed its Reply on April 27, 2021, ECF No. 57, and Juniper filed a Reply in Support of its Motion on May 11, 2021. ECF No. 59. After considering all related pleadings and the relevant law, the Court is of the opinion that Juniper Networks' Motion to Transfer should be **DENIED**.

### I. Factual Background

Correct Transmission filed its complaint for patent infringement on July 23, 2020, asserting U.S. Patent Nos. 6,876,669; 7,127,523; 7,283,465; 7,768,928; and 7,983,150 ("Patents-in-Suit") against Juniper. ECF No. 1 at 4. The same day that Correct Transmission filed its suit against Juniper, Correct Transmission filed a complaint against ADTRAN, Inc., asserting the same Patents-in-Suit. Juniper responded to Correct Transmission's patent infringement complaint by filing the instant Motion to Transfer Venue to the Northern District of California.

Both Correct Transmission and Juniper are engaged in the manufacture of telecommunications equipment. Correct Transmission is a Limited Liability Company organized

in Delaware with its headquarters in Delaware, while Juniper is a Delaware corporation with its headquarters in California. ECF No. 1 at 2. Juniper maintains offices worldwide, with an office located within the Western District of Texas in Austin. ECF No. 20-1 ("Saunders Decl.") ¶ 10. The Austin office hosts 40 employees. *Id.* Juniper's relevant documents and source code are located at its headquarters in California, with additional source code repositories in Massachusetts and India. *Id.* at ¶ 9.

Juniper's headquarters in California hosts 2,800 employees. *Id.* at ¶ 3. Juniper identified twelve of its employees it claims have information relevant to the Patents-in-Suit; ten of those employees reside in California. *Id.* at ¶ 5. However, Correct Transmission identified five former Juniper employees who do reside in Texas. ECF No. 57-5. Additionally, Juniper holds a contract with the state of Texas as a vendor providing "Data Storage, Data Communications & Networking Equipment Products." ECF No. 57-22.

## II. Standard of Review

Neither party disputes that the Western District of Texas is a proper venue to try this case. Thus, this Court need not decide the question of whether Correct Transmission met its burden to prove proper venue under 28 U.S.C. § 1400(b). *Westech Aerosol Corp v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) (holding that "the plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b).").

Even if venue is proper as this Court assumes, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if it serves "the convenience of parties and witnesses…." 28 U.S.C. § 1404(a). Therefore, a motion for transfer involves a two-step analysis: first, whether the case could have been properly brought in the proposed transferee district; and second, whether

transfer would promote the interest of justice and/or the convenience of the parties and witnesses. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (hereinafter "*Volkswagen II*") (5th Cir. 2004) (en banc).

Answering the preliminary question requires a determination of whether the proposed transferee venue is proper. If it is not, the Court's analysis ends there. First, a plaintiff may file a patent infringement action "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). The Supreme Court defined residence for purposes of § 1400(b) as the defendant's state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).

Alternatively, a plaintiff may establish proper venue by showing that the defendant committed acts of infringement in the district and has a regular and established place of business. 28 U.S.C. § 1400(b). A defendant has a regular and established place of business if the plaintiff proves first that there is a "physical place in the district"; second that it is a "regular and established place of business"; and third that it is "the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Additionally, Fifth Circuit courts "should … grant" a § 1404(a) motion if the movant can show his proposed forum is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. The Fifth Circuit further held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371

F.3d 201, 203 (hereinafter "*Volkswagen I*") (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

### III. Discussion

**A. Correct Transmission could have brought its claim in the Northern District of California.**

Correct Transmission plainly could have brought its claim in California. Juniper is not incorporated in California and therefore does not reside in the state as the *TC Heartland* court defined residence. ECF No. 1 at 2; 137 S. Ct. at 1517. However, Juniper "designed, tested, marketed, and sold the accused products" in California. ECF No. 20 at 6. Moreover, the fact that Juniper's principal place of business is located in Sunnyvale, California (within the Northern District) shows that it has a regular and established place of business in the District. ECF No. 1 at 2. Juniper's headquarters are a "physical place in the district" that is "regular and established" and is "the place of the defendant." *See Cray*, 871 F.3d at 1360. Thus, Juniper clears its first hurdle: its proposed transferee district is a proper venue for this case.

**B. Juniper failed to show that the Northern District of California is "clearly more convenient" than the Western District of Texas.**

While Juniper successfully proved that its suit *could* be heard in California, it has not proven that it *should* be heard there. As noted above, Juniper must show that its proposed forum is "clearly more convenient" than the forum in which the case is currently pending. *Volkswagen II*, 545 F.3d at 315. On balance, the private and public *Volkswagen* factors militate against transfer: only one favors transfer, two weigh against transfer, and five are outright neutral. Accordingly, the

Northern District of California is not "clearly more convenient," and this case ought to be heard in Correct Transmission's chosen venue.

1. **The private *Volkswagen* factors weigh against transfer.**
   a. **The "relative ease of access to sources of proof" factor favors transfer.**

First, the "relative ease of access to sources of proof" factor favors the Northern District of California. Correct Transmission argues that the fact that Juniper's relevant documents, source code, and other evidence is mostly electronic and therefore accessible from anywhere in this country shows that this factor is neutral at best. ECF No. 57 at 5. Correct Transmission additionally points to Juniper's storage of "financial and marketing documents" at a third-party datacenter located in Houston to support its claims that the factor is neutral. ECF No. 57-13 at 13. While the location of that third-party datacenter shifts the factor slightly in favor of retaining a Texas venue, the location of one datacenter which stores only certain types of documents does not weigh heavily enough to support keeping this lawsuit in Texas. Juniper's source code and other relevant files are still located primarily at its headquarters in California. ECF No. 57-13 at 12–13.

Furthermore, this Court previously held in a related case that the electronic availability of evidence within the plaintiff's chosen forum is not enough to shift this factor against transfer. *Correct Transmission LLC v. ADTRAN, Inc.*, 2021 WL 1967985 (W.D. Tex. May 17, 2021). Moreover, since as the alleged infringer Juniper will likely produce most of this case's documentary evidence, the physical location where it keeps the majority of its information should weigh most heavily. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

While this analysis is faithful to Fifth Circuit precedent regarding the "sources of proof" factor, the Court feels it necessary to note once more that the controlling analysis on this issue is out of touch with modern patent litigation. As this Court acknowledged in *Fintiv, Inc. v. Apple Inc.*, "[i]n modern patent litigation, documents are located on a server, which may or may not be

in the transferee district … and are equally accessible from both the transferee and transferor districts." 2019 WL 4743678 at *4 (W.D. Tex. Sept. 23, 2019). Likewise, "with the click of a mouse, or a few keystrokes, the party produces these documents." *Id.* So while this Court is bound by Fifth Circuit precedent, it once again respectfully invites the Circuit to reconsider its analysis on this issue.

### b. The "compulsory process" factor weighs against transfer.

Although the first *Volkswagen* factor favors transfer, the "compulsory process" factor does not. Juniper contends that its investigation identified several witnesses who live near Juniper's California headquarters and for whom the Northern District of California is a more convenient venue. ECF No. 20 at 8. However, many of those witnesses are current Juniper employees, and as party witnesses, their convenience is not entitled to much weight. *See Fintiv*, 2019 WL 4743678 at *5. Additionally, district courts "uniformly refuse[] to let applications for transfer become a battle of numbers." *Dupre v. Spanier Marine Corporation,* 810 F.Supp. 823, 826 (S.D.Tex. 1993) (internal citation omitted). Even more, Juniper fails to show that any of its witnesses – whether party witnesses or prior art inventors – required the force of a subpoena to testify in court. ECF 57 at 6. In contrast, Correct Transmission identified two key former Juniper employees with relevant information who are unwilling to testify without a subpoena. *Id* at 7. Those non-party witnesses are located in Texas, within this Court's subpoena range – but far beyond any California court's subpoena power. *Id.* at 8. Accordingly, the "compulsory process" factor weighs against transfer.

### c. The "cost of attendance for willing witnesses" factor is neutral.

In contrast, the "cost of attendance for willing witnesses" factor is neutral. As noted above, the convenience of party witnesses is entitled to little weight – as interested parties in the litigation,

they are much more likely to accept having to travel to see litigation through to their desired result. *See Fintiv*, 2019 WL 4743678 at *5. Moreover, "long lists of potential … third-party witnesses do not affect the Court's analysis for this factor," because "the Court assumes that no more than a few party witnesses – and even fewer third-party witnesses, if any – will testify live at trial." *Id.* at *6.

Even so, Correct Transmission argues that its non-party witnesses would suffer inconvenience from traveling to two locations (i.e., Waco and Northern California) for its co-pending lawsuits involving the same Patents-in-Suit. ECF No. 57 at 8 n.12. However, this argument is entitled to little weight – this Court transferred Correct Transmission's co-pending lawsuit against ADTRAN, Inc. to the Northern District of Alabama in a prior decision. 2021 WL 1967985 (W.D. Tex. May 17, 2021).

Also, Juniper argues that the fact that nonstop flights exist from Israel to Northern California but not from Israel to Waco shows that Northern California is more convenient for its prior-art witnesses. ECF No. 20 at 9. This argument is not persuasive. The mere fact that Juniper's Israeli witnesses may have to catch a connecting flight to testify in person does not show that a forum served by non-stop service is clearly more convenient. Also, the fact that non-stop service from Israel to Texas does not currently exist does not establish the fact that no airline carrier will begin offering such a flight before trial commences. Furthermore, as noted above the Court assumes few or no third-party witnesses will testify live at trial. *Fintiv*, 2019 WL 4743678 at *6. This presumption applies with even more force to foreign witnesses who live thousands of miles away and who may testify remotely.

### d. The "all other practical problems" factor is neutral.

Additionally, the final private *Volkswagen* factor is neutral. In its Reply to Juniper's Motion, Correct Transmission rests its entire argument for this factor on judicial economy:

"judicial economy may *itself* justify denying a § 1404 motion. And here, that kind of denial is justified." ECF No. 57 at 9 (emphasis in original) (internal citations omitted). The Court does not agree.

Correct Transmission's argument for judicial economy as independently sufficient to deny a § 1404 motion extends the consideration of judicial economy into essentially uncharted waters. In support of its contention, Correct Transmission cites the decision by this Court in *Auto-Dril, Inc. v. Pason Sys. USA Corp.* 2015 WL 12780768 (W.D. Tex. May 22, 2015) (acknowledging that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice," and that co-pending cases involving the same patents-in-suit are "[a] major factor comprising the judicial economy"). However, *Auto-Dril* is distinguishable. Unlike in *Auto-Dril*, this Court dismissed one of Correct Transmission's co-pending cases in this District. 2021 WL 1967985 (W.D. Tex. May 17, 2021). Thus, two different judges will hear Correct Transmission's patent claims no matter what this Court decides in the instant case. Also, the balance of public and private *Volkswagen* factors in *Auto-Dril* was exactly tied, unlike here. The Federal Circuit is clear that Correct Transmission's filing of two cases here is not sufficient to tip this factor in its favor. As *In re Google Inc.* explains, to hold otherwise "would be effectively inoculating a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district." *In re Google Inc.*, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017).

However, Juniper does not contend that the facts of this case tip the final private interest factor in its favor either, content instead to argue that this factor is neutral. ECF No. 20 at 10. The Court agrees, and accordingly finds this factor neutral.

### 2. The public *Volkswagen* factors weigh against transfer.
#### a. The "local interest" factor is neutral.

The first public interest factor, "local interest," is neutral. It is true that patent infringement allegations "call into question the work and reputation" of the alleged infringer's employees, but relevant fact witnesses are located in both the transferor and transferee districts. *DataQuill Ltd. v. Apple, Inc.*, 2014 WL 2722201 at *4 (W.D. Tex. June 13, 2014); ECF No. 57 at 7. This Court will not engage in line-drawing exercises that attempt to determine the point at which the number of employees in a transferee district outweighs the number of employees in the transferor district.

Besides this, Juniper argues that trying the instant case in this District improperly places the burden of jury service on the citizens of the Western District of Texas because this District has "no relation to the litigation." ECF No. 20 at 10 (internal citations omitted). This argument significantly understates the extent to which Juniper has availed itself of the state of Texas to do business. In addition to an office in Austin, Juniper holds a vendor contract with the State to provide "[d]ata Storage, Data Communications & Networking Equipment Products." ECF No. 57-22. Juniper cannot have its cake and eat it too – its business in this State, and in this District specifically, grants Texans a local interest in Juniper's disputes. As a large multinational corporation with offices worldwide, it is entirely possible that Juniper's business creates a local interest in several states and nations, including Texas.

#### b. The "administrative difficulties" factor weighs against transfer.

Although this factor is "the most speculative" of the *Volkswagen* factors, it weighs against transfer. Correct Transmission rightly points to the difference in time to trial between this District and the Northern District of California to show that this factor disfavors transfer. *EcoFactor, Inc. v. Vivint, Inc.*, 2021 WL 1535414 (W.D. Tex. Apr. 16, 2021). Relying on vague "plans to fast track

civil trials" in the Northern District of California to favor transfer there only renders the analysis under this factor more speculative than it by nature already is.

### c. The remaining *Volkswagen* factors are neutral.

Lastly, the remaining public interest factors are neutral. Both districts are familiar with the uniform body of federal patent law overseen by the Federal Circuit, and there are no issues with conflict of laws or foreign law. Thus, both factors are neutral.

### IV. Conclusion

Juniper met its preliminary burden to show that the Northern District of California is a proper venue for this lawsuit. However, the balance of *Volkswagen II* factors weighs against transfer: the "compulsory process" and "administrative difficulties" factors weigh against transfer, only the "sources of proof" factor favors transfer, and the remaining factors are neutral. Therefore, Juniper did not meet its burden under *Volkswagen II* to show that the Northern District of California is a clearly more convenient venue, and its Motion to Transfer is **DENIED**.

SIGNED this 26th day of May, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE